IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CASE NO.: 5:21-cr-9-LGW-BWC-4 |
| v. | : |
| | : |
| | : |
| ANTONIO CHAVEZ RAMOS, | : |
| | : |
| Defendant. | : |

## DEFENDANT'S MOTION FOR DETENTION HEARING AND PRETRIAL RELEASE

Pursuant to 18 U.S.C. § 3142, Defendant Antonio Chavez Ramos ("Mr. Chavez") hereby files this Motion for a Detention Hearing and Pretrial Release and respectfully requests that the Court grant Mr. Chavez a reasonable bond pending trial.

## STATEMENT OF FACTS

On October 5, 2021, the Government filed an indictment under seal in this district charging Mr. Chavez with conspiracy to commit mail fraud, conspiracy to engage in forced labor, forced labor, and conspiracy to commit money laundering. (Doc. 3). On November 17, 2021, Mr. Chavez was arrested at his home in Alma, Georgia. He had his initial appearance and arraignment the next day, November 18, 2021, represented by appointed counsel. Appointed counsel waived Mr. Chavez's detention hearing based on an allegation in the pretrial services report that Mr. Chavez had an ICE detainer. The Court granted the Government's motion for detention. (Doc. 65).

Undersigned counsel filed an entry into this case on November 19, 2021. (Doc. 50, 52). Undersigned counsel met with Mr. Chavez at the Coffee County Jail on November 18, 2021, after he returned from his initial appearance. Counsel asked jail staff whether Mr. Chavez had an immigration detainer and was advised that he did not. Counsel and Mr. Chavez are unaware of any prior order of removal against Mr. Chavez. On November 19, 2021, Counsel called the jail, and Officer Wilson confirmed Mr. Chavez did not appear to have a detainer. Officer Wilson sent Counsel Mr. Chavez's booking report, which does not reflect any detainers. (Exhibit 1, Booking Report).

The Government's indictment alleges that Mr. Chavez was part of a scheme that involved obtaining fraudulent visas for migrant farm workers, exploit those workers for labor, and launder the proceeds. Specifically, as to Mr. Chavez, the charges appear to stem from a brief, three-month period where he worked as a supervisor at a blueberry farm. The indictment accuses him of unlawfully charging the workers fees, "putting them to work in the fields harvesting crops," "trading" one of these workers to another farm, and not paying the migrant workers as required under the visa program. (Doc. 3, p. 24-25).

Mr. Chavez strongly contests these charges and maintains his innocence. Mr. Chavez was not involved in preparing or submitting any fraudulent visas for migrant workers. He lacked authority to withhold or compensate migrant workers during his brief time as a supervisor. He has never abused or witnessed any abuse to any migrant workers. He does not know the vast majority of the co-defendants in this case.

Mr. Chavez has extensive ties to the community, where he has lived for over 20 years. He lives in Alma, Georgia, with his wife and three children. His son David is 29 years old and owns an auto repair shop. Mr. Chavez also has a 10-year-old and 9-year-old son and daughter who attend school in the area. Mr. Chavez's family are known and respected in the community, and they attend church weekly and are part of a prayer group. Moreover, Mr. Chavez has a consistent track record of full-time employment. He has no prior felony charges or arrests.

## ARGUMENT AND CITATIONS TO AUTHORITY

As the U.S. Supreme Court has held: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). "The Bail Reform Act, which governs the pretrial release or detention of defendants, creates a rebuttable presumption in favor of releasing defendants on bond pending trial…" *United States v. Hidalgo*, No. 7:14-CR-48 HL, 2015 WL 570012, at *3 (M.D. Ga. Feb. 11, 2015).

Under 18 U.S.C. § 3142(e), a court may order a defendant detained pending trial upon motion by the Government only "[i]f, after a hearing pursuant to the provisions of subsection (f)… the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."

The Government has the burden of proving by "clear and convincing evidence" that the defendant is a danger to the community or by a "preponderance of evidence" that

3

he is a flight risk. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). Under 18 U.S.C. §§ 3142(g)(1)-(4), in determining whether the Government has met its burden, the court must consider:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including his character, family ties, employment, financial resources, length of residence in the community, past conduct, community ties, criminal history (or lack thereof); and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Here, there is no risk that Mr. Chavez's release pending trial will pose a danger to the community. There is no risk that he will fail to show up for his court proceedings as required. Counsel for Mr. Chavez is unaware of any evidence suggesting otherwise. Mr. Chavez has lived in this community for over twenty years and is a trusted and respected member of it. Regarding whether he is a flight risk—he has pleaded not guilty and is eager to have his day in court. There is simply no evidence to suggest Mr. Chavez presents any kind of flight risk or danger to anyone, let alone that there are no conditions that can be imposed to mitigate any such risks.

More broadly, statistics reflect that it is rare for defendants to fail to appear in court as required in federal criminal cases or for them to commit new offenses while on bond. Statistics show that, in 2019, 99% of defendants on bond appeared as required, "and over

4

98% did not commit new crimes on bond."[1] Regarding undocumented defendants, the Government's own statistics show that they "have the same low rate of non-appearance as U.S. citizens" and "are actually *more* likely to comply with other conditions or release and significantly *less* likely to have their bond revoked."[2] (Emphasis in original).

Counsel for Mr. Chavez notes that bond has been granted to at least one of his similarly situated co-defendants in this case. Like Mr. Chavez, Linda Jean Facundo is charged with conspiracy to commit mail fraud, conspiracy to engage in forced labor, and conspiracy to commit money laundering. The indictment describes Ms. Facundo's role as someone who directly assisted in filing fraudulent Petitions to bring in foreign workers." (Doc. 3). She was released on an appearance bond on November 19, 2021. (Doc. 59).

Finally, in the event the Government shows that Mr. Chavez has an immigration detainer, he should still be released pending trial. The fact that ICE has lodged a detainer against an undocumented defendant, which ICE may or may not enforce at its discretion, does not preclude a defendant's release pending trial. In fact, multiple circuits have held that district courts may not order defendant detained under the Bail Reform Act based solely on whether they have an immigration detainer. *See United States v. Santos-Flores*, 794 F.3d 1088, 1090-91 (9th Cir. 2015), holding that "Congress chose not to exclude removable aliens from consideration for release or detention in criminal proceedings" and

---

[1] Alison Siegler & Erica Zunkel. Rethinking Federal Bail Advocacy to Change the Culture of Detention. The Champion. May 17, 2020. Page 3. https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3601230.

[2] *Id*, Page 22.

detaining a defendant pending trial "based on the possibility of his detention or removal by immigration authorities, therefore, is contrary to the express language of the Bail Reform Act"; *United States v. Ailon-Ailonn*, 875 F.3d 1334, 1338-39 (10th Cir. 2017), holding a defendant "is not barred from release because he is a deportable alien" and noting that, "although Congress established a rebuttable presumption that certain defendants should be detained, it did not include removable aliens on that list."

While the Eleventh Circuit has not addressed the issue, several district courts in the circuit, including here in Georgia, have held that an immigration detainer does not preclude a defendant from being released pending trial under the Bail Reform Act. *See Hidalgo*, 2015 WL 560012, at *5 (M.D. Ga. 2015), granting bond to defendant with ICE detainer in drug trafficking case involving rebuttable presumption against release; *United States v. Rodriguez-Sanchez*, 2019 WL 5789725, at *3 (M.D. Fla. 2019), recognizing that "the existence of an immigration detainer does not presumptively establish the propriety of pretrial detention" and "Congress could have but did not create a rebuttable presumption that removable aliens should be detained, indicating that in some instances at least, pretrial release is appropriate"; *United States v. Espinoza-Ochoa*, 371 F.Supp.3d 1018, 1023 (M.D. Ala. 2019), rejecting argument that there is an "ICE detainer" exception to the Bail Reform Act and noting Government use ICE detainer to defeat Congressional purpose behind Bail Reform Act; *United States v. Blas*, 2013 WL 5317228, at *6 (S.D. Ala. 2013), collecting cases recognizing release under Bail Reform Act is appropriate regardless of ICE detainer.

## **CONCLUSION**

For these reasons, Counsel for Mr. Chavez respectfully requests that the Court grant Mr. Chavez a reasonable bond pending trial.

This 22nd day of November, 2021.

                                                      PATE, JOHNSON & CHURCH, LLC

                                                     /s/ Thomas D. Church
                                                     Thomas D. Church
                                                     Georgia Bar No.: 956589
                                                     101 Marietta Street, Suite 3300
                                                     Atlanta, Georgia 30303
                                                     (404) 223-3310

                                                     Page A. Pate
                                                     Georgia Bar No.: 565899
                                                     101 Marietta Street, Suite 3300
                                                     Atlanta, Georgia 30303
                                                     (404) 223-3310

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 22nd day of November, 2021.

                              PATE, JOHNSON & CHURCH, LLC

                              /s/ Thomas D. Church
                              Thomas D. Church
                              Georgia Bar No.: 956589
                              101 Marietta Street, Suite 3300
                              Atlanta, Georgia 30303
                              (404) 223-3310