```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA
                   WAYCROSS DIVISION

UNITED STATES OF AMERICA    )
                            )
        v.                  )    CASE NO.
                            )    5:21-cr-00009-LGW-BWC-4
                            )
                            )
ANTONIO CHAVEZ RAMOS        )
a/k/a Tony Chavez           )
```

**MOTION FOR LEAVE TO FILE ADDITIONAL PARTICULARIZED PRETRIAL MOTIONS AND/OR MOTION TO CONTINUE PRETRIAL MOTIONS DEADLINE**

COMES NOW Antonio CHAVEZ Ramos, by and through undersigned counsel, and hereby files this Motion for Leave to File Additional Particularized Motions and/or Motion to Continue Pretrial Motions Deadline due to the extensive delays in completed discovery and still only limited access to discovery coordination efforts made available by the government on November 10, 2023. Mr. Chavez intends to file limited pretrial motions by the Court's current deadline of December 15, 2023, to the extent possible without having sufficient opportunity to digest almost 17 terabytes[1] of evidence.

---

[1] "1 TB of storage is roughly the same as 16 (64 GB) iPhones or Samsung Galaxy devices. It's also equivalent to about 4 (256 GB) Windows or MacBook laptops… . One terabyte gives you the option of storing roughly: 250,000 photos taken with a 12MP camera OR 250 movies or 500 hours of HD video OR 6.5 million document pages, commonly stored as Office files, PDFs, and presentations. It's also equal to 1,300 physical filing cabinets of paper…." https://www.dropbox.com/features/cloud-storage/how-much-is-1tb

1

Timeline

Mr. Chavez is charged in Count 1 – Conspiracy to Commit Mail Fraud, 18 U.S.C. § 1349; Count 8 – Conspiracy to Engage in Forced Labor, 18 U.S.C. § 1594(b); and Count 53 – Money Laundering Conspiracy, 18 U.S.C. § 1956(h). He was indicted on October 5, 2021. Initial discovery in this case was not produced until April 2022 after many direct requests for earlier production. There were an additional five (5) to six (6) additional discovery productions over the years, some of which were produced during Mr. Chavez's Counsel's approved family leave[2] which puts Mr. Chavez four (4) months behind all other defendants' opportunity to digest case discovery. While the government highlighted some of the evidence against Mr. Chavez in April 2023, it contained only five (5) documents and was otherwise a generic description of the government's theory that was not particularized to Mr. Chavez. On August 17, 2023, Mr. Chavez's counsel requested that all "hot docs" be provided; while the government affirmed that it would provide this to Mr.

---

[2] In 2022, Counsel was approved for a four-month period of leave of absence for maternity leave and subsequent family leave due to spouse's serious spinal surgery (from August until November 28, 2022). The Court granted above referenced motion for continuance on the basis that it was "necessary…in order to provide the full benefit of leave of absence for counsel's maternity leave[.]" (*See* Order filed August 26, 2022).

Chavez, it was never provided. Most importantly, the government only made its discovery coordination program production, Eclipse Publish, available as of November 10, 2023; although, it excludes phone and computer extractions and files that require proprietary players. The 500 GB hard drive sent by Mr. Chavez was loaded and received by Mr. Chavez on December 4, 2023.[3]

<u>Prejudice to Mr. Chavez</u>

According to Attorney Russ Aoki, appointed as discovery coordinator, "The discovery in this case is more complex and equal to only one other in volume" than any other case he has coordinated discovery for. August 16, 2023 Hearing Transcript, Motion to Identify Government's Case-in-Chief.  Without access to searchable discovery until December 4, 2023, Mr. Chavez has not been able to confidently assess the full case against him: confirm existence of any/all statements made by Defendant for proper *Jackson Denno* Motions to Suppress; confirm existence and practical execution of search warrants to address appropriateness of suppression motions; and confidently affirm knowledge of all evidence in support of the government's theory for the three conspiracy counts against Mr. Chavez in order to

---

[3] Mr. Chavez is actively in the process with Russ Aoki's firm to obtain access to the Casepoint database, but that is likely still one (1) week out given the logistics of contracts and billing. As of December 7, 2023, the Casepoint database does not include hosting of cellphone data or forensic images. Casepoint coding efforts have recently identified password protected files that currently cannot be opened without a password; they are working to unlock these files.

assess the need for Bills of Particulars and how to properly define the scope.

Without access to searchable discovery, Mr. Chavez has not been able to digest all statements made by co-Defendants related to Defendant or that are otherwise in furtherance of the conspiracy, nor consider the case against co-defendants to assess government theory similarities or differences for appropriate severance or misjoinder-related motions.

Without the ability to find or digest all of the evidence, Mr. Chavez may not consider the need to file a specific pretrial motion. He may leave out a statement that should be suppressed or fail to challenge an unlawful seizure of some kind that he was completely unaware of.

## Conclusion

Mr. Chavez has a Fifth and Sixth Amendment right to have legal counsel who is fully competent and knowledgeable of all evidence involved in this very serious case against him. If a jury finds that death resulted from violation of a forced labor crime, a conviction in Charge Eight (8) would result in a sentence of "any term of years or life".  Before the coordinated discovery program efforts, there was no practical way to digest the breadth of the evidence nor confidently locate important pieces of evidence against each defendant. Counsel has not had a fair nor effective opportunity to fully review the coordinated

4

discovery prior to the existing December and January deadline dates.

**Therefore, Counsel respectfully requests that Mr. Chavez be granted leave to file additional, particularized pretrial Motions that may not have been considered in time for the December 15, 2023 Pretrial Motions deadline. In the alternative, Mr. Chavez requests that this deadline be continued until April 1, 2023, with a joint status report deadline sometime thereafter, to provide Counsel with three (3) solid months to review and analyze all newly provided searchable discovery.** Counsel understands that speedy trial time will be tolled during this period.

    Dated: This 7th day of December, 2023.

*/s/ Jessica K. Stern*
JESSICA K. STERN
Georgia State Bar No. 107308
ATTORNEY FOR ANTONIO CHAVEZ RAMOS

STERN Law, LLC
1100 Spring Street NW, Suite 400
Atlanta, Georgia 30309
404-990-4112; Fax 404-990-4936
jessica@sternlawfirm.us

5

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing filing into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 7th day of December, 2023.

/s/ Jessica K. Stern
JESSICA K. STERN
Georgia State Bar No. 107308
ATTORNEY FOR ANTONIO CHAVEZ RAMOS

STERN Law, LLC
1100 Spring Street NW, Suite 400
Atlanta, Georgia 30309
404-990-4112; Fax 404-990-4936
jessica@sternlawfirm.us