IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 5:21-cr-00009-LGW-BWC-4 |
| | ) | |
| | ) | |
| ANTONIO CHAVEZ RAMOS | ) | |
| a/k/a Tony Chavez | ) | |

<u>MOTION FOR A BILL OF PARTICULARS AND BRIEF IN SUPPORT</u>

COMES NOW Defendant Antonio CHAVEZ Ramos, by and through undersigned counsel, and hereby files this Motion for a Bill of Particulars. As will be shown below, Defendant asks the Court to require that the government identify the particulars relating to each count of the Indictment that is charged against Mr. Chavez: Count One (1) – Conspiracy to Commit Mail Fraud, 18 U.S.C. § 1349; Count Eight (8) – Conspiracy to Engage in Forced Labor, 18 U.S.C. § 1594(b); Counts Twelve through Fifteen (12-15) - Forced Labor, 18 U.S.C. § 1589(b); and Count Fifty-Three (53) – Money Laundering Conspiracy, 18 U.S.C. § 1956(h).

Bills of Particulars are used to help the Defendant prepare his or her defense, to prevent surprise, and to avoid double jeopardy in the case of a subsequent prosecution. <u>United States v. Warren</u>, 772 F. 2d 827 (11th Cir. 1985). Concerning the double jeopardy aspect of a bill of particulars, a Defendant is entitled to know exactly what he is defending against, so that if he is

acquitted, there is no doubt as to what incidents he can no longer be accused of in any subsequent prosecution.

Count One (1) – Conspiracy to Commit Mail Fraud,

18 U.S.C. § 1349

Mr. Chavez asks the Court to require the government identify the particulars relating to the forced labor and money laundering that form the basis of Count One of the Indictment. Indictment, Count One, ¶ 39.

In an allegation that charges a defendant with being part of a criminal conspiracy, each defendant must share in the object of the conspiracy. Count One alleges that Mr. Chavez and all other twenty-two (22) co-Defendants engaged in a conspiracy with one object – to make money from illegal activities, specifically through mailing fraudulent H2A visas that would financially exploit foreign workers through **forced labor** and **hiding illegal proceeds through money laundering**. See ¶ 40. Count One alleges that Mr. Chavez shared in the object to commit forced labor and hide illegal proceeds through money laundering, as part of the underlying scheme of the mail fraud. Count One presumes the government can prove additional crimes of forced labor and money laundering, with specific evidence against Mr. Chavez in particular.

However, neither the indictment nor the discovery materials provide any further identification about the specific form of

2

forced labor or the manner and methodology of hiding illegal proceeds specifically attributable to Mr. Chavez.1 For Mr. Chavez to be convicted of the conspiracy alleged in Count One, there must be evidence of his knowing and willful participation in the object of said conspiracy. The alleged manner and means of the conspiracy are described in paragraphs 41-62, and the overt acts in furtherance of the conspiracy are outlined in paragraph 63, sub-paragraphs a-hhh. In paragraphs 41-62, no specific defendants are named along with the conduct; here, there are numerous, different alleged activities that could meet the elements of forced labor, but many that would not. For example, "forc[ing] foreign workers to work in agriculture fields…for little to no pay," (¶ 50), or "forc[ing]" foreign workers to live in crowded, unsanitary, and degrading conditions," (¶ 52), while "threaten[ing] workers with deportation or violence…" (¶ 53), "confiscate[ing] their passports…to prevent the workers from leaving or contacting law enforcement," (¶ 49)  or "forcing foreign workers to pay additional fees to get their passports and H-2A visas back from conspirators"

---

1  Mr. Chavez has only been able to locate specific discovery items that were highlighted by the government or otherwise were found through poor, limited search functionality using his name variations within the basic discovery productions. The government never provided the requested "hot docs." There were extensive delays in completion of discovery, and still only limited access to discovery coordination efforts were made available by the government on November 10, 2023 and received December 4th. Defender Services' Casepoint program became available, with limitations, to Mr. Chavez on December 12, 2023. Mr. Chavez has not had sufficient opportunity to digest the almost 17 terabytes of evidence in order to affirmatively state that he knows the full case evidence against him and co-conspirators by the time of this motions's December 15, 2023 deadline.

(¶56) certainly appears to rise to the level of forced labor codified as a crime. 18 U.S.C. § 1589(b). However, other means are described more so as civil labor law violations, like "pay[ing foreign workers in cash without pay stubs" (¶ 51), or "requir[ing] the foreign workers to pay for their border crossing fees, transportation fees, lodging fees, and food expenses," and arguably do not rise to the level of forced labor, requiring "serious harm" as defined in 18 U.S.C. § 1589(c)(2). It is not clear from the Indictment nor the discovery which means are attributed to Mr. Chavez. **Defendant is entitled to a Bill of Particulars regarding the allegations in paragraphs 41-62.**

Paragraph 63, sub-paragraphs a-hhh, outline the overt acts in furtherance of the conspiracy. Mr. Chavez is named in three overt acts, only under the section entitled "Exploiting the Workers": "w.

> Between in or around April 2019 and June 2019, members of the the Patricio TCO, aided and abetted by Defendant Leticia Patricio, Defendant Antonio Chavez Ramos…unlawfully charged Victims 55, 56, 57, and 65 fees, put them to work in the fields harvesting crops, and did not pay them as required under the H-2A visa program.
>
> x. Between in or around May 2019 and June 2019, Defendant Antonio Chavez Ramos… unlawfully sold or traded Victim 65 to Defendant JC Longoria Castro.
>
> y. On or about June 22, 2019, Victim 65 died from a heat stroke when he was outside working in the fields for Defendant JC Longoria Castro.

Indictment, Paragraph 63, sub-paragraphs w-y. **Defendant is entitled to a Bill of Particulars regarding the allegations in paragraph 63,**

4

**sub-paragraphs w-y**. To begin with, Defendant is entitled to know with more specificity when the supposed unlawful fees were charged and when the supposed unlawful sale or trade of a human being was was made. "In or about" a span of months is insufficient, for such an allegation could be stretched far beyond the three-month period of that same year. Pursuant to the Eleventh Circuit's Pattern Jury Instructions, the phrase "on or about" can include "…a date reasonably close to the date alleged." <u>Eleventh Circuit Pattern Jury Instructions</u>, No. 9.1A. Defendant is entitled to a Bill of Particulars as to the exact date of this supposed conduct. The Defendant is also entitled to a Bill of Particulars as to exactly how Mr. Chavez committed forced labor or money laundering. There is no indication in the Indictment or discovery whatsoever that supports an allegation that Mr. Chavez participated in money laundering conduct.

Further, there are eleven (11) overt acts alleged in the Indictment that do not name any defendant as committing such overt act(s). <u>See</u> paragraph 63, sub-paragraphs c, d, s, t, aa, bb, cc, ii, jj, vv, and ggg. At present, there is no indication, through the Indictment or discovery, if the government will at some point allege that Mr. Chavez committed such acts. **Defendant is entitled to a Bill of Particulars regarding the allegations in paragraph 63, sub-paragraphs c, d, s, t, aa, bb, cc, ii, jj,**

5

**vv, and ggg.**

<u>Counts Eight (8) Conspiracy to Engage in Forced Labor, 18 U.S.C. § 1594(b); and Twelve to Fifteen (12-15) – Forced Labor 18 U.S.C. § 1589(b)</u>

Mr. Chavez asks the Court to require the government identify the particulars that form the basis of Counts Eight (8) and Twelve to Fifteen (12-15) of the Indictment, relating to the "means of a scheme, plan, and pattern **intended to cause foreign workers to believe that, if such foreign workers did not perform such labor and services, that … [the worker] would suffer serious harm or physical restraint, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor and services by such means…**". Indictment, ¶¶ 39, 72.

For the conspiracy alleged in count eight (8) against Mr. Chavez and all other twenty-two (22) co-Defendants, there are no overt acts listed. However, the charge incorporates all other paragraphs of the indictment2, and further highlights that two (2) victims "died as a result of the violation, and the offense included the kidnapping" of four (4) victims, along with

---

2 Given that the government's allegations in charges eight (8) and twelve to fifteen (12-15) incorporate all of the evidence and paragraphs to support the preceding charges, much of the Defendant's argument in support of a Bill of Particulars for these counts are made similarly in support of a Bill of Particulars for Count One. The Defendant respectfully asks the Court to consider those arguments for Count One related to the evidence and law surrounding the

6

"aggravated sexual abuse" and an "attempt to kill" of two others. Indictment, ¶ 70. No specific defendants are named in relation to the harm to these eight (8) foreign workers. To begin with, Defendant is entitled to know with more specificity the date of his supposed participation in such conspiracy. "At least from and continutuing through…" a span of years from 2015-2021 is insufficient, for such an allegation could be stretched even further beyond the period of these six (6) years. Pursuant to the Eleventh Circuit's Pattern Jury Instructions, the phrase "on or about" can include "…a date reasonably close to the date alleged." Eleventh Circuit Pattern Jury Instructions, No. 9.1A. **Defendant is entitled to a Bill of Particulars as to a more specific date of this supposed conduct. The Defendant is also entitled to a Bill of Particulars as to exactly how Mr. Chavez committed forced labor**, "caus[ing] foreign workers to believe that, if such … workers did not perform such labor and services, that … [the worker] would suffer serious harm or physical restraint, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor and services by such means…". Indictment, ¶¶ 39, 72. There is no indication in the Indictment or discovery whatsoever that supports an allegation that Mr. Chavez caused workers to believe the work would "suffer serious harm or physical

---

forced labor allegations as incorporated into this section, so as to not repeat the same arguments and uncessarily lengthen said Brief.

restraint," as required by law.

The same arguments above are incorporated into a request for a Bill of Particulars as it relates to "the providing or obtaining of labor or services" in Counts Twelve to Fifteen (12-15) of the Indictment. ¶ 72 of the Indictment suggests that the means of such labor or services would be outlined in the table below it, but no means are described whatsoever; instead, there is a table that lists Mr. Chavez in four rows, stating only, "April 2019 – Victim 55; April 2019 – Victim 56; April 2019 – Victim 57; and May and June 2019 – Victim 65." Indictment, ¶ 72. Below the table is one sentence stating, "Victim 65 died as a result of the violation alleged in Count Fifteen." There are no means articulated to describe how this death is related to Mr. Chavez nor how the conduct relates to a violation of the charges alleged. **Defendant is entitled to a Bill of Particulars as to how he "intended to cause foreign workers to believe that, if such foreign workers did not perform such labor and services, that … [the worker] would suffer serious harm or physical restraint, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor and services by such means…".** Indictment, ¶¶ 39, 72.

## Count Fifty-Three (53) – Money Laundering Conspiracy, 18 U.S.C. § 1956(h)

Mr. Chavez asks the Court to require the government identify the particulars of a knowing and intentional money laundering conspiracy, given that no specific overt acts or means naming Mr. Chavez are alleged paragraph 76, sub-paragraphs a-v. See Indictment, pages 41-50. Each of said subparagraphs name specific defendant(s) attributed to each act; however, Mr. Chavez is not mentioned anywhere. Neither the indictment nor the discovery materials provide any identification of the specific form of money laundering, nor any underlying conduct to support a theory of money laundering, accused against Mr. Chavez. **Defendant is entitled to a Bill of Particulars regarding the means and evidence to support any allegation of money laundering.**

## Conclusion

As noted previously, Bills of Particulars are essential so that a Defendant knows exactly what he or she must defend against. This is especially true for a Defendant who goes to trial and is acquitted. Such a Defendant needs protection so that the prosecution cannot engage in a second effort for a conviction (for example, by alleging that mail fraud occurred through overt acts of forced labor as defined by 18 U.S.C. § 1589(c)(2)or by some other means).

Based on the foregoing, Defendant asks that the Court require the government to specifically identify: the means by which he committed mail fraud (through forced labor and hiding illegal proceeds through money laundering; specifically when the supposed unlawful fees were charged and when the supposed unlawful sale or trade of a human being was was made; exactly how Mr. Chavez committed forced labor, "intending to cause foreign workers to believe that, if such foreign workers did not perform such labor and services, that … [the worker] would suffer serious harm or physical restraint, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor and services by such means…"; and any form of evidence and the means to support any allegation of money laundering.

Dated: This 15th day of December, 2023.

*/s/ Jessica K. Stern*
JESSICA K. STERN
Georgia State Bar No. 107308
ATTORNEY FOR ANTONIO CHAVEZ RAMOS

STERN Law, LLC
1100 Spring Street NW, Suite 400
Atlanta, Georgia 30309
404-990-4112; Fax 404-990-4936
jessica@sternlawfirm.us

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing filing into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 15th day of December, 2023.

*/s/ Jessica K. Stern*
JESSICA K. STERN
Georgia State Bar No. 107308
ATTORNEY FOR ANTONIO CHAVEZ RAMOS

STERN Law, LLC
1100 Spring Street NW, Suite 400
Atlanta, Georgia 30309
404-990-4112; Fax 404-990-4936
jessica@sternlawfirm.us