IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO 5:21-CR-009 |
| | ) | |
| ANTONIO CHAVEZ RAMOS, | ) | |
| ENRIQUE DUQUE TOVAR, and | ) | |
| BRETT DONAVAN BUSSEY | ) | |

**UNITED STATES' COMBINED RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTIONS FOR A BILL OF PARTICULARS**

The United States files its combined response in opposition to the following pretrial motions for a bill of particulars:

| Docket No. (Doc.) | Filing Defendant | Motion |
|---|---|---|
| 384 | Enrique Duque Tovar | Motion for Bill of Particulars |
| 633 | Brett Bussey | Motion for Bill of Particulars |
| 811 | Antonio Chavez Ramos | Motion for a Bill of Particulars |

The United States opposes Defendants' request for a bill of particulars. Their motions amount to the submission of interrogatories and a request to have the United States detail every single material misrepresentation that it intends to show at trial. This request for interrogatories and a detailed disclosure of the government's evidence prior to trial is not recognized under the Federal Rules of Criminal Procedure.

The purpose of the bill of particulars is to give notice of the offenses charged in the indictment so that a defendant may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes.

*United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)). Where necessary, the bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation. *Id.* Generalized discovery is not a proper purpose in seeking a bill of particulars. *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985) (quoting *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981)). Nor is it a device intended to secure for the defense the government's explanation of its theory of the case. *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982). A bill of particulars "may not be used to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Perez*, 489 F.2d 51, 71 (5th Cir. 1973).

**A. The detailed indictment alleviates the need for a bill of particulars.**

Here, denial of Defendants' request is appropriate for several reasons. First, the indictment in this case is specific and supports each of the requisite elements of the charged offenses; thus, there is little chance of surprise to the Defendants at trial resulting in prejudice to their substantial rights. *See United States v. Hawkins*, 661 F.2d 436, 451–52 (5th Cir. 1981). Twenty-three defendants are charged for their role in an international mail fraud, forced labor, and money laundering conspiracy. Docs. 3 and 352. Count one charges a conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. Doc. 3. Counts two through seven charge substantive mail fraud in violation of 18 U.S.C. § 1341. *Id.* Count eight charges a conspiracy to engage in forced labor in violation of 18 U.S.C. § 1594. *Id.* Counts nine through fifty-two charge substantive labor trafficking in violation of 18 U.S.C. § 1589. *Id.* Count fifty-three

charges a money laundering conspiracy in violation of 18 U.S.C.§ 1956(h). *Id.* Count fifty-four charges witness tampering in violation of 18 U.S.C. § 1512. *Id.* The fifty-page Indictment provides an introduction that explains labor trafficking and the H-2A visa program, money laundering and the H-2A visa program, and discusses the Defendants' roles in the conspiracies. *Id.* Count one outlines the object of the mail fraud conspiracy, identifies twenty-two manner and means of the conspiracy, and sixty-one overt acts committed in furtherance of the conspiracy. *Id.* The overt acts are specific and detail dates, names, documents, financial transactions, and other evidentiary items. *Id.* Count fifty-three identifies twenty-two specific financial transactions committed in furtherance of the money laundering conspiracy. *Id.* By setting forth Defendants' respective roles and the manner and means by which they accomplished the crime – along with an extended list of overt acts that describe events – the Indictment provides a useful outline and stands a good summary of the United States' evidence. Thus, the Indictment is a helpful tool to assist defense counsel in identifying key evidence and events.

### B. The discovery also alleviates the need for a bill of particulars.

Second, Defendants seeks information regarding the charged offenses that has already been provided in the voluminous discovery in this case. "A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery[.]" *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006) (citing *United States v. Martell,* 906 F.2d 555, 558 (11th Cir. 1990)). "Under these circumstances, information essential to the defense

is being provided and the need for particulars is nonexistent." *United States v. Salazar-Rodriguez*, No. CR 309-004, 2009 WL 10671589, at *7 (S.D. Ga. Sept. 1, 2009). While Defendants request the information to help prepare a defense, such concern is unfounded because the extensive discovery provided in advance of trial allow Defendants to adequately prepare a defense. In this case, the United States has produced a significant amount of discovery that will help Defendants prepare their defense. In general, the discovery includes documents submitted to the United States government to bring in foreign workers on an H-2A visa, email records, bank records, information received from multiple cooperating sources and undercover operations, information received from witness and victim interviews, records and devices obtained from federal search warrants, over 250 electronic devices, such as cell phones and computers, documents obtained from third party business such as car dealerships and casinos, the results of multiple federal tracking search warrants on vehicles, and the results of multiple federal wiretaps on multiple telephone numbers. Because of the liberal and extensive discovery provided, there can be no legitimate claim of surprise at trial. A bill of particulars is not an appropriate or necessary procedural tool in this case. *See United States v. Gayle*, 936 F.2d 1234, 1236 (11th Cir. 1991); *United States v. Perkins*, 748 F.2d 1519, 1524-25 (11th Cir. 1984).

### C. Defendants are not entitled to an accounting of all the acts committed in furtherance of the offenses.

Third, Defendants seek information that amounts to overt acts – details as to the dates, documents at issue, individuals involved, and an accounting of all the

misrepresentations and false statements made in this case.[1]  Overt acts are not elements of the charged mail fraud conspiracy, *United States v. Feldman*, 931 F.3d 1245, 1258 (11th Cir. 2019), nor elements of the substantive mail fraud counts. *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009).  Likewise, overt acts are not elements of the money laundering conspiracy, *Whitfield v. United States*, 543 U.S. 209, 219 (2005), nor elements of the labor trafficking conspiracy.  *See* 18 U.S.C. § 1594.  Because overt acts are not elements of the charged offenses, "Defendant[s] [are] not entitled to an accounting of the 'overt acts' [they] committed in furtherance of . . . the charged conspiracies." *United States v. Henley*, 2017 WL 2952821, at *16 (N.D. Ga. May 19, 2017), *report and recommendation adopted,* No. 1:16-CR-151, 2017 WL 2918954 (N.D. Ga. July 7, 2017).

### D. Defendants are not entitled to an accounting of every single false or fraudulent misrepresentation.

Similarly, Defendants are not entitled to a bill of particulars detailing every single material misrepresentation the government intends to show at trial.  *United States v. Holzendorf*, 576 F. App'x 932, 935–36 (11th Cir. 2014).  In *Holzendorf*, the defendant was charged with conspiracy to commit mail and wire fraud, fifteen substantive counts of mail fraud, and fifteen substantive counts of wire fraud.  *Id.* at 933.  The defendant filed a motion for a bill of particulars detailing every single

---

[1] In his motion, Bussey requests answers specific questions, well outside the bounds of a bill of particulars. See Doc. 633, pages 5-8.  The United States recognizes this case has a substantial amount of discovery, however the amount of discovery, alone, does not justify a bill of particulars as requested by Bussey.  With regard to Bussey, the United States met with him and gave him a power point presentation outlining the substantial evidence that ties him to the charged crimes.

material misrepresentation the government intended to show at trial. *Id*. at 935. The Eleventh Circuit upheld the district court's denial of the motion and said the "request was nothing more than a thinly veiled attempt to have the government make a detailed disclosure of the evidence that it planned to present at trial. That is not an appropriate basis for seeking a bill of particulars." *Id*. at 935-36.

### E. Defendants are not entitled to detailed information about events of other Defendants.

Lastly, Defendants seeks the details about the acts in which each particular defendant engaged in commission of the charged conspiracy. It is doubtful that Defendants could establish that, without the United States providing the details about this evidence, he or she would not be able to prepare a defense to the charged offense or would be surprised. In a case where the evidence being sought by a bill of particulars consists of activities in which a defendant participated or witnessed, the defendant "'could hardly have been surprised by the government's proof at trial.'" *United States v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1977) (quoting *United States v. Pena*, 542 F.2d 292, 293-94 (5th Cir. 1976)); *see also United States v. Williams*, 113 F.R.D. 177, 179 (M.D. Fla. 1986) (noting that when the information sought involves "events in which one or more of the defendants participated, or which occurred in one or more of the defendants' presence[, t]he Eleventh Circuit has held that this sort of information need not be furnished in a bill of particulars."). Accordingly, this Court should deny Defendants' motion.

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

BY: */s/ Tania D. Groover*

    Tania D. Groover
    Criminal Chief
    Georgia Bar No. 127947
    Post Office Box 8970
    Savannah, Georgia 31412
    Telephone: 912-652-4422
    Facsimile: 912-652-4388
    E-mail: tania.groover@usdoj.gov

BY: */s/ E. Gregory Gilluly, Jr.*

    E. Gregory Gilluly, Jr.
    Deputy Criminal Chief
    Tennessee Bar No. 019397
    Post Office Box 8970
    Savannah, Georgia 31412
    Telephone: 912-652-4422
    Facsimile: 912-652-4388
    E-mail: greg.gilluly@usdoj.gov